UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00736-GNS

RUTH MAE CHELF                                                                              PLAINTIFF

v.

PRUDENTIAL INSURANCE COMPANY
OF AMERICA, et al.                                                                          DEFENDANTS

# MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Partial Motion to Dismiss filed by Defendant Prudential Insurance Company ("Prudential") (DN 15) and the Motion to Dismiss filed by Defendants Wal-Mart Associates, Inc. ("Wal-Mart") and Administrative Committee for the Associates' Health and Welfare Plan ("Administrator") (collectively "Wal-Mart Defendants") (DN 18), which are ripe for adjudication. For the reasons below, Prudential's Partial Motion to Dismiss is **DENIED**, and Wal-Mart Defendants' Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

Plaintiff Ruth Mae Chelf ("Ruth Mae") is the widow of Elmer L. Chelf ("Elmer"), who held optional associate term life insurance issued by Prudential through his employer, Wal-Mart, and administered by Administrator. (Compl. ¶¶ 3-8, 12, DN 1). Elmer also had short-term disability insurance from Wal-Mart, and long-term disability insurance from Liberty Life Assurance Company of Boston ("Liberty"). (Compl. ¶¶ 10-11). In October 2014, Elmer requested a leave of absence and applied for short-term disability benefits, both of which were

granted. (Compl. ¶¶ 14-15). In the spring of 2015, Elmer applied and was approved for long-term disability insurance benefits with Liberty. (Compl. ¶¶ 16-17).

Elmer died on April 17, 2016. (Compl. ¶ 17). Following his death, Ruth Mae filed a claim as the named beneficiary for all insurance benefits under the Prudential life insurance policy. (Compl. ¶¶ 3, 27, 33). Although Prudential approved Ruth Mae's claim for basic life insurance benefits, it denied her optional associate term life insurance claim on the basis that the coverage had terminated. (Compl. ¶ 28). Ruth Mae submitted a claim with the Administrator, which also denied the claim and her voluntary appeal. (Compl. ¶ 29).

Ruth Mae filed this action on December 6, 2017, claiming that Defendants violated the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, when they denied her benefits. (Compl. ¶¶ 33-44). Specifically, she has asserted claims of: (1) breach of contract against Prudential entitling her to relief under 29 U.S.C. §§ 1132(a)(1)(B), 1332(a)(3); and (2) breach of fiduciary duty against all Defendants entitling her to relief pursuant to 29 U.S.C. § 1332(a)(3). (Compl. ¶¶ 33-44). Plaintiff contends that for the duration of Elmer's leave he was eligible to continue his elected insurance benefits under the plan terms and conditions and that he paid the required premiums necessary to maintain his life insurance coverage for the duration of his disability leave until his death on April 17, 2016. (Compl. ¶¶ 7, 18-23). Plaintiff further avers that, prior to Elmer's death, he was not informed in writing by any of the Defendants that his life insurance coverage had terminated, that he had a right to convert his coverage to an individual insurance policy, that his premiums had not been assessed correctly, or that any outstanding premiums could be paid with his accrued unpaid time off. (Compl. ¶ 32). In her prayer for relief, Ruth Mae seeks the claimed $25,000.00 in life insurance

benefits, pre-judgment and post-judgment interest, "all available legal or equitable relief[,]" and reasonable attorneys' fees and costs. (*See* Compl. ¶¶ 45-48).

Defendants moved to dismiss certain of Plaintiff's claims for failure to state a claim upon which relief can be granted. Specifically, all Defendants moved to dismiss Plaintiff's Section 1132(a)(3) claim for breach of fiduciary duty, and Prudential moved to dismiss Plaintiff's breach of contract claim. (Def.'s Mem. Supp. Partial Mot. Dismiss 4-8, DN 15-1 [hereinafter Prudential Mot.]; Defs.' Mem. Supp. Mot. Dismiss 6, 8-10, DN 18-1 [hereinafter Wal-Mart Mot.]). In their briefing, Defendants argued, *inter alia*, that Plaintiff's Section 1132(a)(3) claim for breach of fiduciary duty should be dismissed because it is duplicative of her breach of contract claim under Section 1132(a)(1)(B). (Prudential Mot. 4-8; Wal-Mart Mot. 8-9). Defendants' motions are ripe for adjudication.

## II.     JURISDICTION

The Court has jurisdiction over this matter because a federal question is presented. *See* 28 U.S.C. § 1331.

## III.    STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation

omitted).[1]  "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the

---

[1] Wal-Mart Defendants supplement, and in some instances dispute, the facts contained in the Complaint with a series of attachments to their motion.  (Wal-Mart Mot. 1-5; Defs.' Mot. Dismiss Attachs. 2-9, DN 18-2 to 18-9).  "Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citation omitted).  In reviewing a motion to dismiss, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein" without converting the motion to one for summary judgment. *Id.* (citations omitted); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).  The Court will therefore consider the plan documents (DN 18-3 to 18-7) to the extent they are relevant, as both referenced in the Complaint and central to the claims therein.  The Court will not, however, consider the remaining attachments—a declaration of a Wal-Mart employee and the appeals documents—as assuming the truth of documents without independent legal significance would impermissibly allow Wal-Mart Defendants to question the evidentiary foundation of Plaintiff's claims, thereby depriving her of the presumption of truth to which she is entitled at this stage. *Carrier Corp. v. Outokumpou Oyj*, 673 F.3d 430, 441-42 (6th Cir. 2012) (citations omitted).

4

complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

## IV. DISCUSSION

### A. Prudential's Partial Motion to Dismiss (DN 15)

Prudential contends that Plaintiff's breach of fiduciary duty claim under Section 1132(a)(3) is "nothing more than a repackaged claim for benefits" and should therefore be dismissed. (Prudential Mot. 2; Def.'s Reply Supp. Partial Mot. Dismiss 2-4, DN 26 [hereinafter Prudential Reply]).

In relevant part, Section 1132(a)(1) provides:

A civil action may be brought—
(1) by a participant or beneficiary—
. . .
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

29 U.S.C. § 1132(a)(1)(B). In contrast, Section 1132(a)(3) provides:

A civil action may be brought—
. . .
(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .

*Id.* § 1132(a)(3).

In *Varity Corp. v. Howe*, 516 U.S. 489 (1996), the Supreme Court addressed the interplay between these subsections. The Court noted that its precedent has long held that Section 1132(a)(3) serves "as a safety net, offering appropriate equitable relief for injuries caused by violations that [Section 1132] does not elsewhere adequately remedy." *Id.* at 512. These forms

of equitable relief may include contract reformation, equitable estoppel, surcharge, and make-whole relief. *CIGNA Corp. v. Amara*, 563 U.S. 421, 438-42 (2011).

Prudential asserts that the Sixth Circuit's *en banc* decision in *Rochow v. Life Insurance Co. of North America*, 780 F.3d 364 (6th Cir. 2015), rejected Plaintiff's position regarding her ability to maintain a breach of fiduciary duty claim alongside her breach of contract claim. (Prudential Reply 2-3). In *Rochow*, the Sixth Circuit recognized that there are circumstances in which an ERISA plaintiff may simultaneously bring claims under both Section 1132(a)(1)(B) and (a)(3), but "only where the breach of fiduciary duty claim is based on an injury separate and distinct from the denial of benefits or where the remedy afforded by Congress under [Section 1132(a)(1)(B)] is otherwise shown to be inadequate." *Rochow*, 780 F.3d at 372 (citing *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 840-42 (6th Cir. 2007)). The court concluded that the plaintiff's two injuries as alleged, "the arbitrary and capricious denial of benefits, and the breach of fiduciary duty consisting of the continued withholding of the wrongfully denied benefits," were "indistinguishable." *Id.* at 375.

In making their argument, Defendants apparently overlook *Gore*, which is similar to and supportive of Plaintiff's position. In *Gore*, the plaintiff filed suit alleging (1) an erroneous interpretation of the disability benefits plan language by Liberty, the plan manager/adjudicator, resulting in denial of benefits, subject to redress under Section 1132(a)(1)(B); and (2) breach of fiduciary duty by El Paso, his employer/plan administrator, by misrepresenting the duration of benefits, subject to redress under Section 1132(a)(3) by an award of compensatory damages representing the difference between the plan interpretations at issue. *Gore*, 477 F.3d at 841-42. The Sixth Circuit held that the plaintiff had properly "alleged two separate and distinct injuries":

6

first, Liberty's denial of benefits, and second, El Paso's misrepresentation. *Id.* at 840. The court therefore allowed the plaintiff to assert both claims, noting:

> [A]n award of benefits to Gore under the [denial of benefits claim] would not have changed the alleged fact that El Paso misrepresented the policy's coverage to Gore. The award of benefits would have merely made the need for relief in the form of injunction or damages moot, but it would not have addressed the question of whether Gore was entitled to [relief for the misrepresentation] . . . .

*Id.* at 841.

In this case, Plaintiff's claim for breach of fiduciary duty under Section 1132(a)(3) more closely resembles the misrepresentations alleged in *Gore* than the continued withholding of benefits that formed the basis of the plaintiff's breach of fiduciary duty claim in *Rochow*. The misrepresentations and omissions allegedly made by Defendants are indications of a distinct injury which, if proven, could entitle Plaintiff to equitable relief that ERISA does not elsewhere adequately provide. *Varity Corp.*, 516 U.S. at 513 ("[29 U.S.C. § 1104(a)], in furtherance of [the] general objective [to protect the interests of participants and beneficiaries], requires fiduciaries to discharge their duties 'solely in the interest of the participants and beneficiaries.' Given these objectives, it is hard to imagine why Congress would want to immunize breaches of fiduciary obligation that harm individuals by denying injured beneficiaries a remedy."); *Gore*, 477 F.3d at 841-42 ("Thus, Gore properly brought his claim of misrepresentation under § 1132(a)(3), since § 1132(a)(1)(B) requires a beneficiary 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .'"). Plaintiff has therefore adequately stated a claim

under Section 1132(a)(3), and the Court will deny Prudential's partial motion to dismiss her claim seeking equitable relief.[2]

B. **Wal-Mart Defendants' Motion to Dismiss (DN 18)**

Wal-Mart Defendants mount multiple arguments for dismissal of Plaintiff's breach of fiduciary duty claim against them, each of which is addressed below.

1. *Failure to State a Claim*

a. **Equitable Relief Sought**

Wal-Mart Defendants contend that the relief sought by Plaintiff is not equitable but is merely "the payment of money damages to compensate her for the alleged loss of Plan benefits." (Wal-Mart Mot. 9-10; Wal-Mart Reply 9-11). They argue that the Complaint and Plaintiff's Response merely recite different forms of equitable relief, but "fail[] to allege a factual basis to support such remedies." (Wal-Mart Reply 9).

Regarding her breach of contract claim, Plaintiff alleges that:

> 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3) is the enforcement mechanism permitting [her] to enforce the contractual terms of the life insurance policy, to obtain past benefits, to obtain interest, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

(Compl. ¶ 36). Regarding her breach of fiduciary claim, Plaintiff similarly alleges:

> 29 U.S.C. §[] 1132(a)(3) is the enforcement mechanism permitting [her] to seek relief for Defendants' breach of fiduciary duty including equitable estoppel, declaratory relief, and other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

(Compl. ¶ 43).

The elements of an equitable estoppel claim in the Sixth Circuit are:

---

[2] Wal-Mart Defendants make much the same argument, which is unpersuasive for the same reasons. (Wal-Mart Mot. 6, 8-9; Defs.' Reply Mot. Dismiss 12-13, DN 27 [hereinafter Wal-Mart Reply]).

> (1) there must be conduct or language amounting to a representation of material fact; (2) the party to be estopped must be aware of the true facts; (3) the party to be estopped must intend that the representation be acted on, or the party asserting the estoppel must reasonably believe that the party to be estopped so intends; (4) the party asserting the estoppel must be unaware of the true facts; and (5) the party asserting the estoppel must reasonably or justifiably rely on the representation to his detriment.

*Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 403 (6th Cir. 1998) (citation omitted). Wal-Mart Defendants maintain that, to obtain equitable estoppel under Sixth Circuit law, Plaintiff must show that (1) the relevant plan terms are ambiguous, and (2) the plan provider or administrator made a representation that constituted an interpretation of the ambiguity. (Wal-Mart Mot. 11-13; Wal-Mart Reply 10). Generally in ERISA cases, "estoppel requires reasonable or justifiable reliance . . . [which] can seldom, if ever, be reasonable or justifiable if it is inconsistent with the clear and unambiguous terms of plan documents" and, further, "to allow estoppel to override the clear terms of plan documents would be to enforce something other than the plan documents themselves[,]" which is inconsistent with ERISA. *Sprague*, 133 F.3d at 404; *but see Bloemker v. Laborers' Local 265 Pension Fund*, 605 F.3d 436, 444 (6th Cir. 2010) (outlining exception in the case of ERISA pension plans in which the plaintiff can demonstrate "(1) a written representation; (2) plan provisions which, although unambiguous, did not allow for individual calculation of benefits; and (3) extraordinary circumstances in which the balance of equities strongly favors the application of estoppel.").

Wal-Mart Defendants assert that the plan documents are unambiguous, and contradict Plaintiff's allegations regarding the benefits available to Elmer, and their rights and obligations under the plan. (Wal-Mart Mot. 12; 2014 Associates Benefits Booklet 18-19, 130, 167, DN 18-3; 2015 Associates Benefits Booklet 18-19, 128, 165, DN 18-5; 2016 Associates Benefits Booklet 19-20, 128, 173, DN 18-6). As Plaintiff has made no claim of ambiguity in the plan

9

documents or responded to this argument mounted by Wal-Mart Defendants, dismissal is appropriate for that portion of her breach of fiduciary duty claim.

Regarding the other forms of equitable relief pleaded by Plaintiff, Wal-Mart Defendants contend that the Complaint "fails to establish any particularized facts that are unique, or support equitable relief in the form of declaratory judgment, surcharge, make whole relief, or disgorgement[,]" and that since the Court "may not impose equitable relief without a legally sufficient basis for doing so . . . these claims for equitable relief should be dismissed with prejudice." (Wal-Mart Reply 10-11 (citing *Chilton v. Robert Bosch Fuel Sys.*, No. 1:16-CV-891, 2017 U.S. Dist. LEXIS 88533, at *15 (W.D. Mich. Jun. 9, 2017))).

As the Supreme Court has noted, ERISA plan fiduciaries are typically treated as trustees. *Amara*, 563 U.S. at 439 (citations omitted); *Varity Corp.*, 516 U.S. at 496-97. Therefore, monetary remedies including surcharge and make-whole relief are appropriate against ERISA fiduciaries. *Amara*, 563 U.S. at 441-42. Thus, as the Complaint contains facts regarding Wal-Mart Defendants' alleged misrepresentations and omissions that harmed Plaintiff and could be remedied by equitable relief, the Court is satisfied that Plaintiff has met her pleading burden regarding these claims for relief.

### b. Sufficiency of Facts Stated in the Complaint

Plaintiff's claim of breach of fiduciary duty is based upon her allegation that Defendants:

> [F]ailed to disclose to . . . Mr. Chelf that he had a right to convert his associate term life insurance; failed to timely remit and to apply Mr. Chelf's associate term life insurance premium payments; failed to correctly advise Mr. Chelf concerning the actual associate term life premiums due, if any; failed to apply Mr. Chelf's unpaid time off to any past due associate term life insurance premiums; failed to advise Mr. Chelf that he could apply his unpaid time off to any outstanding associate term life premiums paid; failed to comply with ERISA's regulatory requirements, as well as plan requirements, concerning Mr. Chelf's associate term life insurance coverage and adverse decisions; and failed to convey complete and accurate information material to Mr. Chelf's circumstances.

(Compl. ¶ 40). Wal-Mart Defendants contend that none of Plaintiff's allegations support a claim for breach of fiduciary duty against them, as neither the alleged failure to provide individualized notice of rights, including conversion rights, nor the collection and application of premium payments constitutes a fiduciary act, and ERISA does not require a plan administrator to provide a plan participant with notice of conversion rights outside of the notice provided in the summary plan description. (Wal-Mart Reply 4-7).

> A person or an entity is a fiduciary:
>
> with respect to a plan to the extent (i) he exercises any discretionary authority or discretional control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). A fiduciary must discharge his duties with respect to the plan "solely in the interest of the participants and beneficiaries . . . ." *Id.* § 1104(a)(1). ERISA also requires a fiduciary to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims . . . ." *Id.* § 1104(a)(1)(B). "[A] person may be an ERISA fiduciary for some purposes, but not for others." *Haviland v. Metro. Life Ins. Co.*, 730 F.3d 563, 570 (6th Cir. 2013) (internal quotation marks omitted) (quoting *Baker v. Kingsley*, 387 F.3d 649, 660 (7th Cir. 2004)). The Court therefore examines the conduct at issue to determine whether it constitutes "management" or "administration" of the plan, making the action subject to ERISA's fiduciary standards, or merely a business decision implicating an ERISA plan, not subject to fiduciary standards. *Hunter v. Caliber Sys., Inc.*, 220 F.3d 702, 718 (6th Cir. 2000) (citation omitted).

As Wal-Mart Defendants note, the Sixth Circuit has held that "ERISA does not contain any provision that requires a plan administrator to provide notice to plan participants other than a

summary plan description and information of the benefits plan as discussed under 29 U.S.C. §§ 1021(a)(1) and 1022." *Walker v. Fed. Express Corp.*, 492 F. App'x 559, 565-66 (6th Cir. 2012) (citation omitted). Further, Wal-Mart Defendants expressly recite that "collection of contributions" and "advising participants of their rights and options under the plan" are identified in 29 C.F.R. § 2509.75-8 (D-2) as administrative, not fiduciary, functions. (Wal-Mart Reply 6-7). The specific allegations made by Plaintiff as to Wal-Mart Defendants are thus either outside the scope of ERISA's fiduciary requirements or administrative functions under the applicable regulations. Plaintiff's claim of breach of fiduciary duty against Wal-Mart Defendants therefore faces an insurmountable bar to relief and will be dismissed.

  **2.**   ***Time Bar***

Wal-Mart Defendants alternatively contend that Plaintiff's claim is time-barred under the plan's terms, which include a 180-day deadline to file a civil action following Plaintiff's unsuccessful voluntary appeal. (Wal-Mart Mot. 7). They further cite *Heimeshoff v. Hartford Life & Accident Insurance Co.*, 571 U.S. 99 (2013), which they argue stands for the principle that an ERISA plan and its participants may contract for a "reasonable" limitations period. *Id.* at 100, 105-06. However, as Plaintiff notes, *Heimeshoff* centered on a claim under Section 1132(a)(1)(B), which does not specify a statute of limitations, a distinction the Supreme Court noted from claims brought under Section 1132(a)(3). *Id.* at 105-06 ("Absent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable."); 29 U.S.C. § 1113 (specifying statute of limitations for claims of breach of

fiduciary duty under an ERISA plan).³  The Court agrees with Plaintiff that Section 1113's limitations period governs, and that Plaintiff's claim is not time-barred.

## V. CONCLUSION

For the reasons above, **IT IS HEREBY ORDERED** that Prudential's Partial Motion to Dismiss (DN 15) is **DENIED**, and Wal-Mart Defendants' Motion to Dismiss (DN 18) is **GRANTED**.  Plaintiff's claim against Defendant Wal-Mart Associates, Inc. and Defendant Administrative Committee for the Associates' Health and Welfare Plan is hereby **DISMISSED WITH PREJUDICE**; her claims against Defendant Prudential Insurance Company of America remain.

**Greg N. Stivers, Judge**
**United States District Court**
September 4, 2018

cc: counsel of record

---

³ Wal-Mart Defendants' Reply did not address this argument.